STANDARD BRICK CO. v. DENISON INTERLOCKING TILE CORPORA-
TION.

CHEROKEE BRICK CO. v. SAME.

(Circuit Court of Appeals, Fifth Circuit. December 8, 1922.)

Nos. 3817, 3818.

**1. Patents ⬅136—Grounds for reissue of patent stated.**

Under Rev. St. § 4916 (Comp. St. § 9461), it is permissible for a reissue
patent to remedy the omission of the original to describe with certainty
the invention and to correct the fault of the original in making the claims
narrower than the invention, where the invention was disclosed by the
original patent, due diligence was exercised in discovering the mistake
and in applying for the reissue, and the application was made before any
third person acquired the right which the applicant failed to claim in his
original application.

**2. Patents ⬅328—Reissue 13,299, for hollow building block, held authorized by
original specification.**

The Denison reissue patent, No. 13,299, for a hollow building block, *held*
authorized by the original specification and the surrounding circumstances.

**3. Patents ⬅168(2)—Acquiescence in rejection of claims does not affect claims
of more limited scope.**

Acquiescence in the rejection of claims in a patent application cannot
have the effect of changing the construction of the language used in
claims which were allowed, and which contained limitations not found
in the rejected claims.

**4. Patents ⬅328—Reissue 13,299, claims 1, 2, 8, and 9, for hollow building
block, held valid and infringed.**

The Denison reissue patent, No. 13,299, claims 1, 2, 8, and 9, for a
hollow building block, having walls or partitions in the hollow so located
that, when the blocks are laid, the four vertical load-bearing members of
the block will be in line with those members in a similar block above it,
*held* valid and infringed.

Appeals from the District Court of the United States for the South-
ern District of Georgia; Beverly D. Evans, Judge.

Separate suits in equity by the Denison Interlocking Tile Corpora-
tion against the Standard Brick Company and the Cherokee Brick
Company, for infringement of a patent. Decree for plaintiff in each
case, and defendants separately appeal. Affirmed.

Frederick S. Lyon and Leonard S. Lyon, both of Los Angeles, Cal.,
and Warren Grice, of Macon, Ga., for appellants.

Merrell E. Clark, of New York City, and Roland Ellis, of Macon,
Ga. (Merrell E. Clark and Charles Neave, both of New York City, on
the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. These are appeals by the defendants
below from two decrees adjudging valid and infringed the following
claims of reissue letters patent No. 13,299 to W. C. Denison; the
appellee being the assignee thereof:

"1. A building block for wall structures consisting of two hollow rectangu-
lar members connected in interrupted relation to provide a top made up of

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

two independent mortar beds, and provided with two outer walls and two inner webs whereby when a plurality of said blocks are imposed one upon another in a wall structure, said webs stand in vertical tiers throughout the structure.

"2. A hollow building block having opposite faces interrupted intermediately to provide whichever side is uppermost, a top consisting of two mortar beds only, said block having two vertical internal webs normal to the mortar beds and positioned respectively beneath the inner part of said mortar beds, whereby when the blocks are placed surmounting one another in a wall there are provided two vertical tiers of internal webs.

* * * * * * * * * *

"8. As a new article of manufacture a hollow building block, consisting of two portions relatively offset one with reference to the other, whereby the block is capable of having only two mortar beds between it and a similar adjacent block above it, the block having an interior vertical web transverse to the planes of the mortar beds and adapted to stand in alinement with a web in such similar adjacent block when the latter rests on the two mortar beds and the sides of the blocks are in alinement.

"9. As a new article of manufacture a hollow building block having opposite faces each consisting of two planes offset with reference to each other, whereby whichever side of the block is uppermost there are two mortar beds, said block having two outside walls and an internal web alined with an external intermediate wall connecting offset surfaces of one face of the block, and another internal web spaced from the other side of the block a distance corresponding to that at which the web first mentioned is spaced from its side, the space between the two webs being less than the space between either web and the outside wall."

The claims asserted by the bill in each of the cases were resisted on the grounds: (1) That the patent sued on is invalid because it was not authorized by the law on the subject of reissue of defective patents. R. S. § 4916 (Comp. St. § 9461). (2) That because of what occurred in the Patent Office while the application for the reissue patent sued on was pending that patent did not cover all hollow building blocks embodying the combination of features or elements described or indicated in allowed claims. (3) That the patent sued on was invalid because of lack of invention and of prior discovery. And (4) that there was no infringement. Those grounds will be considered in the order stated.

1. The original patent to Denison was issued December 7, 1909, on an application filed October 1, 1908, and the application for the reissued patent was filed April 13, 1911. The drawings referred to and made a part of the reissued patent were copies of those shown in the original. The subject of each of them was a hollow building block. Every element pointed out and described in the specification and claims of the reissue are found in the structures disclosed by the drawings of the original. Figure 1 in both the original and the reissue is a T-shaped hollow block, composed of a head having one rectangular hollow and a tongue extending from the middle of one side of the head, the tongue containing two rectangular hollows, a narrow one next to the side of the head, and a wider one separated from the head by the narrow one. Figures 2 and 3 in both the original and the reissue disclose sections of walls of different widths in which are laid such T-shaped blocks as Figure 1 pictures. From a comparison of the original and reissued patents it is apparent that the former inadequately described the features of the combination disclosed which might be

relied on as bases of claims of patentable novelty, and that the claims thereof were so expressed as to be limited to the particular form of block shown in Figure 1.

[1, 2] Under the statute it is permissible for a reissue patent to serve the purposes of remedying the omission of the original to describe with requisite certainty the patentee's invention, and of correcting the fault of the original in making the claims allowed narrower than the actual invention of the patentee, where that invention was disclosed by the original patent, due diligence was exercised in discovering the mistake in the original and in applying for the reissue, and the reissue application was made before any third person acquired the right to do what the applicant failed to claim in his original application. Topliff v. Topliff, 145 U. S. 156, 170, 12 Sup. Ct. 825, 36 L. Ed. 658; American Automotoneer Co. v. Porter, 232 Fed. 456, 146 C. C. A. 450. We do not think that the record shows that there was anything in the circumstances attending the making of the reissue application having the effect of preventing the issue on that application of the reissue letters patent sued on.

[3] 2. In the proceedings under the reissue application there was a rejection of certain claims similar to claims which were allowed, except that the allowed claims contained limitations or qualifications not expressed in the rejected ones. Those rejections were acquiesced in. In argument that incident is sought to be given the effect of making the meaning of allowed claims different from that expressed by their language. We do not think that that contention is sustainable. In the case of allowed claims which are so expressed as to be limited to a structure therein described, of course that limitation is to be given due effect in construing the claim. It does not follow that any allowed claim is to be given a meaning different from that expressed by its language.

[4] 3. It is not claimed that there was novelty in any separate feature of such a hollow-building block as would answer the description and claims of the patent in suit. In substance what is claimed to have been new and patentable is such a combination as results in a hollow building block having two horizontal mortar beds which are offset with reference to each other, being on different levels or planes, one being higher than the other, and having the walls or partitions of the hollows so located that when such blocks are laid in a wall the four vertical load-bearing members of each block, namely, its two outer vertical walls and its two vertical interior walls or partitions, will be in line with the load-bearing members of a similar block below it and of any such block laid above it. No evidence adduced showed that prior to the application or issue of the patent in suit there was or had been in existence a building block embodying the combination of elements or features disclosed by that patent.

There is nothing in the record to warrant a finding that the application for the patent in suit did not disclose a new invention or discovery within the meaning of the patent law. It has not been contended that what was so disclosed was lacking in usefulness. A finding that building blocks answering the description and claims of the patent sued on

were useful could be well based on the permissible inferences that a wall constructed of such blocks would be laterally stronger because of the interlocking resulting from the lateral mortar beds of each block being offset or on different levels, and would be vertically stronger by reason of the vertical walls or partitions of each block being in line with such walls or partitions of the block laid below or above it. It is not necessary to determine whether such building blocks are useful in other respects. We do not think that on any ground urged or discovered it was error to adjudge that claims 1, 2, 8, and 9 of the patent sued on were valid.

4. The alleged infringing structure is covered by patent No. 1,341,-071, issued to R. S. Requa, May 25, 1920, on his application filed September 18, 1918. The subject of that patent is a hollow tile unit, such as is disclosed by the description and claims of the patent. It is not seriously disputed, and is not fairly open to dispute, that the Requa tile unit embodies the above-mentioned combination of elements or features protected by the patent sued on; that the terms of the four claims of the patent sued on which were adjudged to be valid apply as literally to the Requa tile unit as to the hollow building block shown in Figure 1 of the patent sued on. It is claimed for the Requa tile unit that it is superior to the type of hollow tile disclosed by the patent in suit, in that the former or a separable part of it may be used in wall building for purposes to which the latter is not adaptable; that a wall, including corners and openings, may be constructed by using nothing but the Requa tile unit, a part or parts thereof being knocked off as occasion may require, while special forms are required in constructing such parts of a wall in which the Denison block is used.

It is not necessary to inquire whether superiority in the respect mentioned or in other respects suggested does or does not exist. The patent granted to Requa is incapable of conferring on him or his assign the right to use the combination protected by the patent sued on, though the structure devised by Requa embodied also other new and useful features. It is enough for the use of the Requa tile unit to constitute infringement of the patent sued on that such tile unit embodied the combination protected by valid claims of the patent sued on.

The decree in each of the cases is affirmed.